COHEN, LEDER MONTALBANO & CONNAUGHTON, L.L.C.
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
(908) 298-8800
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS INDUSTRIAL EMPLOYEES PENSION FUND, :<br><br>Plaintiff,<br><br>v.<br><br>ELEMENTIS SPECIALTIES, INC.<br>ABC COMPANY (a fictitious Corporation),<br>DEF COMPANY (a fictitious Limited Liability Company), GHI COMPANY (a fictitious Partnership) and JKL (a fictitious business entity):<br><br>Defendants. | Civil Action<br><br>Docket No. 20-2083<br><br>**COMPLAINT** |

Plaintiff, the Board of Trustees of the Teamsters Industrial Employees Pension Fund (" TIE Pension Fund"), by way of Complaint against the Defendants, Elementis Specialties, Inc., ABC Company (a fictitious Corporation), DEF Company (a fictitious Limited Liability Company), GHI Company (a fictitious Partnership) and JKL (a fictitious business entity), (collectively referred to as "Defendants"), hereby states:

## STATEMENT OF THE CASE

1. This action is commenced to recover withdrawal liability obligations, which were calculated in accordance with 29 U.S.C. §1381, and were incurred by Elementis Specialties, Inc. (herein "Elementis") when on or about July 1, 2017 Elementis ceased having an obligation to contribute to the TIE Pension Fund or permanently ceased all covered operations under the Plan, resulting in Elementis no longer being a contributing employer to the TIE Pension Fund.

2. Defendants Elementis failed to make its obligated payments on the withdrawal liability due, has been defaulted, and thus is liable for the accelerated withdrawal liability owed to the Pension Fund pursuant to the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA") 29 U.S.C. §1001 et *seq.*, specifically 29 U.S.C. §§ 1381(a), 1451(a) and 1451(c).

3. Defendants ABC Company, DEF Company, GHI Company and JKL Company are jointly and severally liable for the withdrawal liability incurred by Elementis based upon the Defendants' control group, common control, status as a single employer and/or alter ego status.

## JURISDICTION

4. This Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1331, as Plaintiff's claims arise under ERISA, [29 U.S.C. §§ 1001, 1132, 1145, 1451 and 28 U.S.C. § 1367].

5. This Court has personal jurisdiction over all Defendants pursuant to ERISA, 29 U.S.C. § 1132(e)(2), as all Defendants have established minimum contacts with the State of New Jersey and does business in the State of New Jersey.

## VENUE

6. Venue is properly laid pursuant to 28 U.S.C. §§ 1391(a)(2) and (b)(2), and pursuant to 29 U.S.C. §§1132(e)(2) and 1451(d) since Defendants conducted, and continue to conduct, business in this judicial district and a substantial portion of the conduct and events underlying Plaintiffs' claims

occurred within the territorial jurisdiction of this Court. Venue is also properly laid as this is the district where the Funds are administered.

7. In accordance with 29 U.S.C. §1451(g), Plaintiffs will serve the Pension Benefits Guarantee Corporation (hereinafter "PBGC") with a copy of this complaint.

**The Plaintiff**

8. Plaintiff, Board of Trustees of the Teamsters Industrial Employees Pension Fund are comprised of an equal number of Union and Employer Trustees, all of whom are fiduciaries as defined by ERISA, 29 U.S.C. §§ 1002(14)(A) and 1102.

9. The TIE Pension Fund is a multi-employer employee benefit plan as defined in ERISA and administered pursuant to ERISA, 29 U.S.C. § 1001, *et. seq.* The TIE Pension Fund is maintained pursuant to a Separate Amended Agreement and Declaration of Trust.

10. The TIE Pension Fund is administered pursuant to ERISA and maintain administrative offices at Teamsters Building, 707 Summit Avenue, Union City, New Jersey 07087.

11. Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(b), the Board of Trustees of the TIE Pension are authorized to bring an action on behalf of the Plan, and their participants and beneficiaries to recover unpaid withdrawal liability assets of the Pension Fund.

**The Defendants**

12. Elementis Specialities, Inc. is registered as a foreign corporation in the State of New Jersey. At all times relevant to this action, Elementis maintained its registered agent at The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628 and its main business address at 469 Old Trenton Road, East Windsor, New Jersey 08512.

14. Defendants ABC Company, DEF Company, GHI Company and JKL Company, (herein the Fictitious Business Entities), are fictitious companies which operated under common control, are members of a control group, or constitute a single employer and/or alter ego status of Elementis.

## FIRST COUNT-WITHDRAWAL LIABILITY

15. Plaintiff repeats each and every allegation contained in paragraphs 1 through 14 as if set forth in full herein.

16. By virtue of the collective bargaining agreement between non-party Local 560, International Brotherhood of Teamsters, and Elementis, Elementis was obligated to participate in and contribute, and did participate and make contributions, to the Pension Fund for all hours bargaining unit employees performed bargaining unit work.

17. On or about June 30, 2017, Elementis laid off all of its employees and terminated its participation in and ceased making contributions to the TIE Pension Fund.

18. The cessation of Elementis's obligation to contribute to the TIE Pension Fund was permanent and constituted a "complete withdrawal" as a contributing employer with the TIE Pension Fund, within the meaning of ERISA, 29 U.S.C. § 1383(a)(1).

19. By completely withdrawing from the TIE Pension Fund, Elementis incurred withdrawal liability to the TIE Pension Fund pursuant to ERISA, 29 U.S.C. § 1381.

20. The TIE Pension Fund issued a Preliminary Notice of Withdrawal on or about June 27, 2017 and on May 2, 2018, the Final Withdrawal Liability Notice, which required Elementis to make monthly installment payments in the amount of $7,879.00 to the TIE Pension Fund commencing July 1, 2017.

21. Elementis, commencing July 8, 2017 made its first installment payment, and continued to make twenty-six (26) subsequent installments, through to September 17, 2019, but thereafter failed to make any of the remaining required installment payments to the TIE Pension Fund and pursuant to ER1SA, 29 U.S.C. § 1399(c)(5), the Pension Fund, on December 2, 2019 served Elementis with a Notice of Default, and provided a sixty (60) day period to effectuate cure.

22. Elementis failed to effectuate cure of the default and being in default, the TIE Pension Fund has accelerated Elementis's withdrawal liability payment.

23. As a result of Elementis's default and failure to cure within sixty days of notice thereof, the entire withdrawal liability amount has become accelerated and Elementis owes $1,693,985.00.

**WHEREFORE,** Plaintiff, Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendant Elementis LLC as follows:

A. Ordering the Defendant Elementis to pay to Plaintiff, TIE Pension Fund, $1,693,985.00, the balance of the accelerated withdrawal liability;

B. Ordering the Defendant Elementis to pay to TIE Pension Fund $338,797.00 representative of the liquidated damages (20%) on the withdrawal liability amount;

C. Ordering the Defendant Elementis to pay to TIE Pension Fund interest, calculated at the Fund's stated rate of 7.5% per annum simple interest from the date of default until the date payment is made;

D. Ordering the Defendant Elementis to pay to the TIE Pension Fund court costs and attorney's fees incurred in connection with this action; and

D. Granting to Plaintiff, TIE Pension Fund such further relief as the Court deems just and proper.

## SECOND COUNT- CONTROL GROUP

24. Plaintiff repeats each and every allegation contained in paragraphs 1 through 23 as if set forth in full herein.

25. As part of the same control group, at all times relevant, to these violations of ERISA, Elementis and the Fictitious Business Entities are jointly and severally liable for this withdrawal liability.

26. The interrelation of operations, common management and ownership constitute a single integrated enterprise, trade or enterprise, making them to be a control group, being jointly and severally liable for this withdrawal liability.

27. Upon information and belief, Elementis and the Fictitious Business Entities are all trades and/or businesses under common control pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC, as amended and regulations promulgated thereunder, and are jointly and severally liable for this withdrawal liability.

28. Upon information and belief, Elementis and the Fictitious Business Entities are all owned and managed by the same Control Group pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(a)(14)(A), Section 414(b) of the IRC, as amended and regulations promulgated thereunder, and which control group consisting of common owners, of individuals who are also corporate officers and/or corporate directors of the corporations, or parent-child, of sister-brother entities.

29. Upon information and belief, the members of the limited liability companies, including Elementis and the Fictitious Business Entities, are managed and/or operated by the same members and managing members, constituting a control group with all other Defendants as defined in 29 U.S.C. §1001 *et seq.*, and 26 C.F.R. §1414(c)-2(b)(2).

WHEREOFRE, Plaintiff, The Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendants Elementis Specialties, Inc., and the Fictitious Business Entities as follows:

A. Declaring that Defendants Elementis Specialties, Inc., and the Fictitious Business Entities are all owned and managed by a Control Group that exercised common financial and other discretionary control over these entities;

B. That Defendants Elementis Specialties, Inc., and the Fictitious Business Entities be held jointly and severally liable for $1,693,985.00, the balance of the accelerated withdrawal liability;

C. That Defendants Elementis Specialities, Inc., and the Fictitious Business Entities be held jointly and severally liability for liquidated damages, twenty percent (20%), of the withdrawal liability amount;

D. That Defendants Elementis Specialties, Inc., and the Fictitious Business Entities be held jointly and severally liable for all costs and attorney fees incurred in this action;

E. Granting Plaintiff such further relief as the Court deems just and proper.

## THIRD COUNT-RIGHT TO DEMAND ARBITRATION EXPIRED

30. Plaintiff repeats each and every allegation contained in paragraphs 1 through 29 as if set forth in full herein.

31. On September 15, 2017, Elementis filed with the TIE Pension Fund a formal Request for Review, which on January 29, 2018 was denied by the Trustees of the TIE Pension Fund.

32. On May 2, 2018, the TIE Pension Fund issued its final withdrawal liability report, and on July 5, 2018, Elementis filed a formal Supplemental Request for Review, and on July 10, 2018, the Trustees denied Elementis' Supplemental Request for Review.

33. With the TIE Pension Fund issuing a denial of the Supplemental Request for Review, pursuant to Section 4221 (a)(1) of ERISa, 29 U.S.C. §1401(a)(1), the sixty (60) day period to seek arbitration under the original and Supplemental Request for Review was triggered.

34. By agreement entered into on August 14, 2018, Elementis and the TIE Pension Fund agreed to toll the running of the time which required Elementis to file for arbitration.

35. By the terms of the Tolling Agreement, the time period once again commenced to run and has now expired, and Elementis has not timely filed a demand for arbitration and is barred from filing a demand for arbitration.

WHEREOFRE, Plaintiff, The Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendants Elementis Specialties, Inc., and the Fictitious Business Entities as follows:

A. Declaring that Defendant Elementis Specialties, Inc., and the Fictitious Business Entities are barred from now filing a demand for arbitration.

B. Ordering Defendant Elementis Specialties, Inc., and the Fictitious Business Entities to pay TIE Pension Fund court costs and attorney fees incurred in connection with this action.

COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC<br>
Attorneys for Plaintiff

By: _____
    Paul A. Montalbano

Dated: February 26, 2020